UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARGUERITE WALKER,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

CASE NO. C17-5921 BHS

ORDER DENYING DEFENDANT'S MOTION TO DISMISS

This matter comes before the Court on Defendant United States of America's ("Government") motion to dismiss. Dkt. 27. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff Marguerite Walker ("Plaintiff") filed her claims based on the death of her husband George Walker. Mr. Walker served approximately eight years in the United States Air Force, which qualified him for medical care provided by the United States Department of Veterans Affairs ("VA"). Dkt. 1, ¶¶ 3.4, 3.5.

Between 2012 and 2016, doctors at the American Lake Veterans Hospital evaluated Mr. Walker at least five times. Dkt. 28-2 at 4. On June 14, 2012, VA medical staff documented that Mr. Walker had a heart murmur. *Id.* However, on subsequent visits no medical staff noted or evaluated Mr. Walker for this murmur. *Id.*

On June 21, 2016, Mr. Walker "presented to the American Lake urgent care . . . with a chief complaint of difficulty breathing and chest pain with minimal activity." *Id.* Mr. Walker was subsequently transferred to the Seattle VA Hospital by ambulance for evaluation. *Id.* At the Seattle hospital, the cardiothoracic surgical team recommended surgery. *Id.* at 5. Mr. Walker was discharged on June 23, 2016, to await surgery scheduled for July 11, 2016. *Id.* On July 1, 2016, Plaintiff found her husband unresponsive in their front yard and called for emergency medical attention. *Id.* When medical personnel arrived, they were unable to resuscitated Mr. Walker, and they "pronounced [him] dead at the scene due to sudden cardiac death." *Id.*

On April 24, 2017, Plaintiff filed an administrative claim. Dkt. 21-2. Plaintiff stated the basis of the claim as follows:

> On June 23, 2016 Mr. Walker was evaluated at the Seattle VA hospital. He was diagnosed with critical aortic stenosis. Instead of being admitted for emergent surgery, Mr. Walker was discharged with an appointment for surgery scheduled for July 12, 2016. Mr. Walker was also discharged on beta blockers. Mr. Walker died at home on the morning of July 1, 2016 awaiting his heart surgery. Veteran died waiting for care on a surgical wait list.

*Id.* The Government failed to act on the claim, and Plaintiff filed this suit when the Government's allotted time expired. *Id.*

On November 7, 2017, Plaintiff filed a complaint against the Government asserting claims for medical negligence, negligence, informed consent, and corporate negligence. Dkt. 1.

On April 18, 2019, the Government filed a motion to dismiss. Dkt. 27. The Government asserts that the first time Plaintiff disclosed her claim for a failure to diagnose was in her pretrial statement delivered on March 21, 2019. *Id.* The Government argues that the Court lacks jurisdiction over the claim because Plaintiff failed to give fair notice of the claim in her administrative claim. *Id.* On May 6, 2019, Plaintiff responded. Dkt. 42. On May 10, 2019, the Government replied. Dkt. 43.

## II. DISCUSSION

As sovereign, the Government is immune from suit unless it consents to be sued. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Any waiver of immunity is to be strictly construed in favor of the United States. *United States v. Nordic Villages, Inc.*, 503 U.S. 30, 33-34 (1992). The Federal Tort Claims Act ("FTCA") is a limited waiver of sovereign immunity that permits claims to be brought against the United States for the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). In order to bring an FTCA claim against the United States, a plaintiff must have presented the claim to the appropriate federal agency and then the claim must have been finally denied by that agency. 28 U.S.C. 2675(a). Thus, exhaustion of the administrative remedy is a jurisdictional prerequisite to filing an FTCA action. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

In this case, the parties dispute the specificity of Plaintiff's administrative claim. The Government concedes that Plaintiff filed an administrative claim but contends that the claim form did not include a claim for failure to diagnose. Dkt. 27 at 7–11. "[T]he prerequisite administrative claim need not be extensive." *Goodman v. United States*, 298 F.3d 1048, 1055 (9th Cir. 2002). "[T]he notice requirement . . . is minimal, and a plaintiff's administrative claims are sufficient even if a separate basis of liability arising out of the same incident is pled in federal court." *Id.* Beyond these standards, the parties do not provide and the Court is unable to locate any Ninth Circuit authority that provides further guidance to the issue at hand, except for the Circuit's statement that "[w]e have prior precedent supporting a generous notice interpretation . . . ." *Id.* at 1056. Looking outside this Circuit, in *Goodman*, the Ninth Circuit cited *Burchfield v. United States*, 168 F.3d 1252 (11th Cir. 1999) with approval. *Goodman*, 298 F.3d at 1055. There, the Eleventh Circuit stated that "[a]n administrative agency is deemed to be on notice not only of the theories of recovery stated in the claim, but of the theories of recovery that its reasonable investigation of the specific allegations of the claim should reveal." *Burchfield*, 168 F.3d at 1255.

In this case, the Court finds that Plaintiff provided sufficient information such that a reasonable investigation would have uncovered the prior medical note of a heart murmur and the potential subsequent failure to diagnose the murmur from 2012–16. The Government concedes that Plaintiff provided Mr. Walker's medical records with the administrative claim and that those records "encompassed Mr. Walker's prior care . . . ." Dkt. 27 at 9. Thus, Plaintiff explicitly put the Government on notice that she was

asserting a claim based on Mr. Walker's death from severe aortic stenosis. A reasonable investigation of Mr. Walker's prior medical records would have uncovered the prior medical note of a murmur and the failure to provide such a diagnosis at any of his appointments from 2012–16. Therefore, Plaintiff exhausted her administrative remedies, and the Court has jurisdiction to consider her failure to diagnose claim.

### III. ORDER

Therefore, it is hereby **ORDERED** that Government's motion to dismiss, Dkt. 27, is **DENIED**.

Dated this 13th day of May, 2019.

BENJAMIN H. SETTLE
United States District Judge